**In the Interest of D.K., A.K., K.K., K.K., W.K., and Z.K.**

**No. 09–04–002 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Oct. 1, 2004.

Decided Oct. 28, 2004.

---

Samantha Trahan, Amy Catherine Dinn, Latosha T. Lewis, Carol M. Nielsen, Gardere Wynne Sewell, Houston, for appellant.

Richard G. Baker, Baker & Zbranek, Liberty, Ed Lieck, Anahuac, for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

The foster parents for six children appeal in this suit affecting the parent-child relationship ("SAPCR"). We hold that their participation in a termination suit filed by the Texas Department of Protective and Regulatory Services ("the Department") was within the discretion of the trial court, and that the court acted within its discretion when it struck the intervention. Accordingly, we affirm the judgment.

In Cause No. 63,200, the Texas Department of Protective and Regulatory Services ("the Department") originally filed suit seeking managing conservatorship of T.K., D.K., A.K., K.K., K.K., and W.K., and termination of the parental rights of Catherine Kegg and Kendall Kegg. An affidavit attached to the original petition described a severe beating and other physical abuse of the oldest child, thirteen-year-old T.K. The SAPCR concerning T.K. was later severed from the suit affecting the other children. The termination suit proceeded with five children. After the birth of Z.K., the Department petitioned to terminate the Keggs' parental rights as to Z.K. The appellants, Patsy Dewey, Regina Kirchner, Dana Janczak, and Angelia Garvin, filed a plea in intervention. The Intervenors alleged that the oldest child, T.K., was primarily responsible for caring for five of his

younger siblings, that the six youngest children had been in the Intervenors' care for over one year, that the parents had both been incarcerated for criminal offenses related to injury to a child, and the children were scheduled to be returned to Catherine Kegg. The Intervenors sought termination of the relationship between the parents and the children, and requested sole managing conservatorship of the children in their care. After an evidentiary hearing, the trial court granted Kendall Kegg's motion to strike the intervention and the case proceeded to trial on the Department's pleadings. The jury found conduct endangerment by both parents as to all of the children at issue, but found that termination would not be in the best interest of the children. The trial court named Kendall Kegg as a possessory conservator and appointed the Department and Catherine Kegg joint managing conservators.

■■■ On appeal, Dewey, Kirchner, Janczak, and Garvin argue that the trial court abused its discretion by striking their intervention. An intervention is subject to being stricken by the court for sufficient cause on the motion of any party. Tex.R. Civ. P. 60. We review the trial court's ruling for abuse of discretion. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). It is an abuse of discretion to strike a plea in intervention if: (1) the intervenor could have brought the same action, or any part thereof, in her own name; (2) the intervention will not complicate the case by an excessive multiplication of the issues; and (3) the intervention is almost essential to effectively protect the intervenor's interest. *Id.* The interest asserted by the intervenor may be legal or equitable. *Id.*

As foster parents to children placed by the Department in their homes for at least twelve months ending not more than 90 days preceding the date of the filing of the petition, the appellants possess general standing to file a SAPCR. Tex. Fam.Code Ann. § 102.003(a)(12) (Vernon Supp.2004). Had the Department never filed its petition, the foster parents could have filed suits affecting their respective foster children. The appellees contend that the appellants could not have brought the suit because the four appellants are married women whose husbands did not join the petition for adoption. See Tex. Fam.Code Ann. § 162.002(a) (Vernon 2002). At issue here, however, is the termination of parental rights, and the appellants had a statutory right to bring a termination suit. See Tex. Fam.Code Ann. § 102.005 (Vernon 2002). The appellees also argue that the foster parents could not have brought the suit on their own because they acquired their status through the Department's action. The appellants' standing may not have ripened on the date the Department filed the suit, but it had by the time they filed their intervention. The appellants could have brought the same action as the Department on the date they joined the suit, thus satisfying both standing and ripeness aspects of justiciability. The appellees produced no precedent or authority to support their argument that anything more is required.

The foster parents brought suit to terminate the parent-child relationship between Catherine Kegg and D.K., A.K., K.K., K.K., W.K., and Z.K., and between Kendall Kegg and D.K., A.K., K.K., K.K., W.K., and Z.K. The Department brought essentially the same issues in its petition. The Department had already petitioned for appointment as permanent managing conservators of the children. The only issue raised in the intervention not already at issue through the Department's pleading was the appointment of the fos-

ter parents as the permanent managing conservators of the children. Because the appellants had possession of the children the entire time that the Department had been the temporary managing conservator of the children, adjudicating the appellants' petition along with the Department's would not have unduly complicated matters by injecting new issues into the litigation. The appellees argue that the litigation would have been complicated by conflicts of interest issues arising from the trial testimony of appellants Kirchner and Janczak, that the children should not be separated. Appellees seem to overlook the fact that Kirchner, Janczak and Dewey testified at the termination trial exactly as they would have if their intervention had not been stricken. For example, Kirchner testified that she would like to see the children placed together, but had petitioned to place the children among the four foster parents because that was their only option. Janczak testified that she would like to see all six children together in an ideal world, but that the children were in good homes with their foster parents, who interacted with the other foster parents. All of the appellants were adamant about the need to terminate the Keggs' parental rights, and any suggestion to the contrary is not supported by the record.

The appellants contend that the intervention is essential to effectively protect their interests. The Department informed the court that it did not support the foster parents' request to be named permanent managing conservators, and that their goals were divergent. Nonetheless, the Department did proceed with its petition to terminate the Keggs' parental rights. The appointment of the Department and Catherine Kegg as joint managing conservators does not preclude the appellants from filing a SAPCR under Family Code Section 102.003(a)(12) at some time in the future. Although the appellants had a justiciable interest in the children in their care, the trial court acted within its discretion in striking the intervention because the intervention was not essential to protect their interests. We overrule the issue raised on appeal, and affirm the judgment.

AFFIRMED.